NO. 07-03-0129-CR
NO. 07-03-0130-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2003

_____

TIMOTHY LAWRENCE MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NOS. 32,672-C & 32,670-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Pursuant to pleas of guilty, on May 9, 1997, appellant was granted deferred adjudication in cause number 32,672-C for burglary of a habitation and in cause number 32,670 for aggravated robbery and placed on community supervision for six years and ten years plus $2000 restitution, respectively. After hearing evidence on the State's amended

motions to proceed with adjudications of guilt, on January 17, 2003, the trial court adjudicated appellant guilty of both offenses and punishment was assessed at 40 years confinement. Appellant filed *pro se* "Motions for Appeal" indicating a desire to appeal his convictions. *See* Tex. R. App. P. 25.2(c)(2); *see* Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997) (holding that a timely filed document showing a bona fide attempt to appeal invokes an appellate court's jurisdiction).

We recognize that article 42.12, section 5(b) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 2003), expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.3d 738, 741 (Tex.Cr.App. 1999). However, appeals of proceedings after an adjudication of guilt, including assessment of punishment, pronouncement of sentence, and granting of community supervision are not foreclosed by article 42.12, section 5(b).

On April 7, 2003, appellant filed a document requesting the assistance of counsel. Therefore, we now abate these appeals and remand the causes to the trial court for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1. whether appellant desires to prosecute these appeals; and

2. whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to pursue the appeals, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, June 9, 2003.

It is so ordered.

Per Curiam

Do not publish.